IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 19 2006
JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

| | |
|---|---|
| CHARLES MICHEAL SMITH,<br>  Plaintiff, | )<br>)<br>) Civil Action No. 7:06-cv-00625 |
| v. | ) **MEMORANDUM OPINION**<br>) |
| GEORGE HEMBREE, et al.,<br>  Defendants. | ) By: Samuel G. Wilson<br>) United States District Judge |

Plaintiff Charles Micheal Smith, a Virginia inmate proceeding pro se, brings this action for unspecified relief under 42 U.S.C. § 1983 against the George Hembree, Southwest Virginia Regional Jail Administration ("SWVRJA"), and Correctional Officer Charles "Steve" Montgomery. Smith claims that the defendants violated his constitutional rights by holding him in segregation without due process, denying him equal protection, and subjecting him to excessive force. For the reasons stated, the court finds that Smith has failed to state a claim upon which relief can be granted and, therefore, the court dismisses his action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## I.

Smith alleges that he is being held in segregation without due process because he has been housed in his current cell for three months without any "write-ups" and his repeated requests to move to another cell have been denied. Smith also avers that he was "denied the same food here for months" because "others in the jail receive breakfast trays . . . with pancakes, waffles, butter, and syrup," while he does not receive these breakfast items. Smith does not allege that he receives no breakfast food at all, just that he does not receive those specific foods.

Finally, in his amended complaint, Smith states that on May 14, 2006, he was maced by defendant

---

[1] In addition, the court notes that SWVRJA is not a proper defendant to a § 1983 claim because it is not a "person" subject to suit under 42 U.S.C. § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Further, Smith fails to make any allegation of fact against defendant George Hembree. Smith was given an opportunity to amend his complaint to particularize the facts concerning the conduct of each defendant that violated his rights. Despite amending his complaint, Smith failed to allege any fact against Hembree and therefore cannot maintain his action against him.

Montgomery while he was in his cell, behind a locked door. Smith claims that on that day, he and another inmate were in the gym playing with basketballs. The other inmate threw his basketball at the window of the control room where the officers are stationed. Thereafter, the pod officer came to the basketball court and told both Smith and the other inmate that they were being escorted back to their cells because the other inmate had thrown the ball at the window. Smith says that he told the officer that he had nothing to do with throwing the ball, but the officer nevertheless returned Smith to his cell. Smith claims that he then stood at the door of his cell arguing with the officer and asking to see the Lieutenant. In response, the officer told Smith to go in his cell, to which Smith allegedly complied, and the officer locked his cell door. Smith concedes that as the officer was walking away from his cell, Smith kicked his cell door and screamed through the hole in the door. Smith states that after he kicked the door and screamed, defendant Montgomery "ran back to the door without saying a word and filled the talk hole of the door full of mace." Smith claims that he "immediately wrapped a towel around [his] mouth and eyes to keep from breathing in the mace." He sates that he was left in his cell for an hour and 15 minutes with the mace, but does not state that he experienced any pain or injury as a result.

## II.

In order to prevail on a procedural due process claim, "inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). A prison disciplinary action implicates a liberty interest requiring due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati, 120 F.3d at 503.

Having reviewed Smith's allegations, the court concludes that he has failed to allege sufficient facts to establish that his confinement in segregation poses an atypical and significant hardship in relation to

2

ordinary prison life. See Id. at 504-05. As a result, Smith does not possess a liberty interest in avoiding confinement in segregation, and he is not entitled to due process protections.

### III.

To establish an equal protection violation, a plaintiff must first demonstrate that he or she has been "treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination;" once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Because Smith cannot demonstrate any of the requisite conditions to a cognizable claim, his equal protection claim fails.

While Smith does allege that he was treated differently from the "other" prisoners with regard to the selection of breakfast foods he receives, he has not reasonably demonstrated that he was similarly situated to those prisoners. Further, though he alleges in his complaint that these prisoners "receive breakfast trays . . . with pancakes, waffles, butter, and syrup" and that he does not receive such items, mere conclusory allegations of disparities are insufficient to state a claim. Spaulding v. Dixon, et al., 1990 U.S. App. LEXIS 15560, *2 (4th Cir. 1990); Chapman v. Reynolds, 378 F. Supp. 1137, 1139 (W.D. Va. 1974). Smith does not allege that these other prisoners' were of the same level of security, in the same pod, or under the same dietary plan. Further, Smith does not show, or even allege, that the unequal treatment was the result of intentional or purposeful discrimination. Therefore, Smith has failed to state a cognizable claim for relief under 42 U.S.C. § 1983.[2]

---

[2] Moreover, even if plaintiff could state a cognizable claim by meeting the two-part test discussed infra, Smith still cannot show that the disparity in treatment was not justified under a rational basis standard of scrutiny. "[W]hile a prisoner does not forfeit his constitutional right to equal protection by the fact he has been convicted of a crime and imprisoned, claims under the equal protection clause . . . must be analyzed in light of the special security and management concerns in the prison system." Morrison, 239 F.3d at 655. "Ordinarily, when a state regulation or policy is challenged under Equal Protection Clause, unless it involved a fundamental right or suspect class, it is presumed to be valid and will be sustained if there us a rational relationship between the disparity of treatment and some legitimate governmental purpose." Veney v. Wyche, 293 F.3d 726, 731 (4th Cir. 2002) (quoting Heller v. Doe, 509 U.S. 312, 319-20 (1993)). Smith's claim does not involve any fundamental right and he does not allege that he has been discriminated against on the basis of a suspect class. Consequently, Smith cannot show an unjustified

3

## IV.

To establish an Eighth Amendment excessive force claim against a prison official, an inmate must show that the harm plaintiff suffered was sufficiently serious to amount to a constitutional violation and that the defendant acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (1996). Although there is no requirement that an inmate suffer "serious" or "significant" pain or injury to demonstrate that his harm rises to the level of a constitutional violation, a plaintiff must allege "more than a de minimis pain or injury." Norman v. Taylor, 25 F.3d 1259, 1263 n. 4 (4th Cir. 1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998). However, a de minimis injury may amount to an Eighth Amendment violation if the force used was of the sort "repugnant to the conscience of mankind." Norman, 25 F.3d at 1263, n. 4.

In this case, despite being given the opportunity to amend his claim, Smith has not alleged that he suffered anything more than de minimis injury, if any injury at all, or that any force used was "repugnant to the conscience of mankind." Accordingly, the court finds that he has failed to state a claim of constitutional magnitude.

## V.

For the reasons stated, the court dismisses Smith's claims without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTER:** This 19th day of December, 2006.

United States District Judge

---

disparity in treatment and, therefore, his equal protection claim fails.

Case 7:06-cv-00617-SGW-mfu Document 11 Filed 12/19/06 Page 4 of 4 Pageid#: 60